IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Betty Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 8297 |
| | ) | |
| Credit Control, LLC, a Missouri limited liability company, and JH Portfolio Debt Equities, LLC, a California limited liability company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Betty Davis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; b) and Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Betty Davis ("Davis"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC account.  These collection actions took place despite the fact that was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. In fact, Credit Control was acting as a debt collector as to the debt it attempted to collect from Ms. Davis.

5. Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant JH Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant JH is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through its related/sister company, Credit Control.

7. Defendants Credit Control and JH Portfolio are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct substantial business in Illinois.

8. Defendants are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as

Group Exhibit <u>B</u>.  In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Davis fell behind on paying her bills, including one she allegedly owed for a credit card that ended in account number "8959".  At some point in time after that debt became delinquent, Defendants began trying to collect that debt from her by sending her an initial form collection letter, dated September 27, 2013, which stated that the "Current Creditor" was "Credit-Control, LLC".  A copy of this collection letter is attached as Exhibit <u>C</u>.

10. Because of her financial difficulties, Ms. Davis' attorneys at LASPD in Chicago, Illinois, sent Credit Control a letter, dated October 11, 2013, directing that it cease collections and cease communications because Ms. Davis was forced to refuse to pay the debt.  A copy of this letter is attached as Exhibit <u>D</u>.

11. Thereafter, to ensure that collection ceased, Ms. Davis' attorney at LASPD had his personnel investigate whether Credit Control was actually the current creditor. This investigation revealed that, in fact, Credit-Control, LLC is not the "Current Creditor" of Plaintiff's account, but rather, its related sister company, Defendant JH Portfolio, was the current creditor, having purchased the debt after default.  JH Portfolio, however, is mentioned nowhere in the letter sent to Ms. Davis.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Name Of The Creditor**
**To Whom The Debt Is Owed**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16. Defendants' letter to Plaintiff failed to state the name of the current creditor effectively because the letter wrongly stated that the "Current Creditor" was "Credit-Control, LLC", when, in fact, it was not. Accordingly, a consumer would be confused as to whom the debt is owed. Thus, Defendants have failed to state effectively "the name of the creditor to whom the debt is owed", in violation of §169g(a)(2) of the FDCPA, see, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

17. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of the FDCPA**
**False Statement Of The Name Of The Creditor**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e(2)(A).

20. Defendants, by stating that "Credit-Control, LLC" was the "Current Creditor", when, in fact, it was not, made a materially false statement in connection with the collection of the debt, in violation of § 1692e of the FDCPA.

21. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Betty Davis, prays that this Court:

1. Find that Defendants' form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Davis, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Betty Davis, demands trial by jury.

                    Betty Davis,

                    By:/s/ David J. Philipps
                    One of Plaintiff's Attorneys

Dated: November 19, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com